SCHINDLER COHEN & HOCHMAN LLP

Steven R. Schindler
(212) 277-6310
SSchindler@SCHlaw.com

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 9/20/07

100 Wall Street
15th Floor
New York, N.Y. 10005
Tel (212) 277-6300
Fax (212) 277-6333

# MEMO ENDORSED

September 18, 2007

**BY FAX**

The Honorable Kimba M. Wood
United States Chief District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007

    Re:   **Coty Inc. v. L'Oréal S.A., 07 Civ. 6206 (KMW)**

Dear Judge Wood:

    We represent plaintiff Coty Inc. ("Coty") in the above-referenced action. On August 30, 2007, defendant L'Oréal S.A. ("L'Oréal") moved to dismiss the complaint. Coty opposes that motion, and seeks to cross-move for summary judgment. In accordance with Your Honor's Individual Practices, Coty hereby requests a pre-motion conference to seek permission to move for summary judgment.

*Denied*
*KMW*

    This action stems from a transaction in which Coty sold two of its Chinese subsidiaries (the "YSK Companies") to L'Oréal. As part of that transaction, L'Oréal also purchased an intercompany payable of RMB 44,810,000 (or approximately $5.4 million) that was owing to Coty and outstanding on the YSK Companies' books. That intercompany payable to Coty on the books of L'Oréal's wholly-owned subsidiary remains unpaid. To the extent that the RMB 44,810,000 owing to Coty remains unpaid, L'Oréal has been unjustly enriched at Coty's expense, because it has received companies worth RMB 44,810,000 (or approximately $5.4 million) more than that for which it bargained with Coty. Moreover, L'Oréal's refusal to remit the RMB 44,810,000 to Coty, in the face of Coty's superior rights to that specific fund of money, constitutes conversion of those funds.

    Summary judgment is appropriate in this action. There are no issues of material fact in dispute, and the universe of knowable facts is quite small and already well-traversed by the parties, such that there is no need for the parties to engage in discovery. The only issues to resolve on summary judgment are whether L'Oréal has been unjustly enriched as a matter of law and whether L'Oréal has converted funds rightfully belonging to Coty. We believe that it will be

Hon. Kimba M. Wood         -2-         September 18, 2007

more efficient to brief the legal issues underlying L'Oréal's motion to dismiss and Coty's proposed cross-motion at the same time.

With regard to scheduling, Coty's opposition to L'Oréal's motion to dismiss the complaint was due on Friday, September 14, 2007. In anticipation of sending this letter requesting a pre-motion conference, Coty, on September 12, 2007, sent the Court a letter requesting that Coty's time to oppose the motion to dismiss be temporarily adjourned until a date to be designated after the parties have conferred with the Court. Counsel for L'Oréal, while not agreeing to any proposed cross-motion, had previously agreed to extend the date for Coty to respond to L'Oréal's motion to dismiss until an appropriate date to be set after we confer with Your Honor on our proposed cross-motion.

We look forward to the Court's direction on this matter.

Respectfully,

Steven R. Schindler

cc: Charles H. Critchlow, Esq. (by fax)

Plaintiff's request for a pre-motion conference is denied. Any motion for summary judgment would be premature, in light of Defendant's pending Motion to Dismiss. Plaintiff shall file its opposition to Defendant's Motion to Dismiss no later than September 28, 2007.

SO ORDERED, N.Y., N.Y. 9-20-07

KIMBA M. WOOD
U.S.D.J.

{00033764}