UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
COTY INC.,

                Plaintiff,        07 CV 6206 (KMW)

      – against –           *(Electronically Filed)*

L'ORÉAL S.A.,

                Defendant.
------------------------------------x

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

                                      BAKER & McKENZIE LLP
                                      Charles H. Critchlow (CC–4905)
                                      James Bailey (JB-0677)
                                      1114 Avenue of the Americas
                                      New York, New York 10036
                                      (212) 626-4100
                                      *Attorneys for Defendant L'Oréal S.A.*

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*511 West 232nd Owners Corp, et al. v. Jennifer Realty Co., et al.*,
98 N.Y. 2d 144 (2002)..........................................................................................................6

*EBC I, Inc. v. Goldman Sachs & Co.*,
7 App. Div. 3d 418 (1st Dept 2004) ..................................................................................3, 6

*Hoffman v. Unterberg*,
9 A.D. 2d 386 (2d Dept. 2004) ............................................................................................5

*Labajo v. Best Buy Stores L.P.*,
478 F. Supp. 2d 523 (S.D.N.Y. 2007) ..................................................................................3

*Meese v. Miller*,
79 App. Div. 2d 237 (4th Dept. 1981) ..................................................................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COTY INC.,

                 Plaintiff,

            – against –

L'ORÉAL S.A.,

                 Defendant.
------------------------------------------------------------x

07 CV 6206 (KMW)

*(Electronically Filed)*

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Defendant L'Oréal S.A. ("L'Oréal"), by its counsel, Baker & McKenzie LLP, submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss the Complaint of Coty, Inc. ("Coty") filed July 7, 2007 (the "Complaint").

As L'Oréal pointed out in its moving papers, this action by Coty is the third time Coty has come to this Court to argue that L'Oréal should pay a purported debt which Coty's own Complaint alleges is owed not by L'Oréal, but by certain Chinese companies L'Oréal acquired from Coty three years ago. Complaint ¶ 13.[1] Coty concededly never had this purported intracorporate debt settled by those companies prior to closing when it owned the subsidiaries, despite the fact that the Master Agreement governing the acquisition specifically allowed it to do so. Master Agreement §4.02 (b). Indeed, Coty has never documented the circumstances underlying the creation of the purported debt

---

[1] All references in this Memorandum to the Complaint, the acquisition agreement (the "Master Agreement") and to the various orders of this Court are references to the exhibits and documents described in greater detail and submitted with Defendant's Memorandum of Law in Support of Motion to Dismiss the Complaint, dated August 30, 2007 ("Defendant's Moving Brief").

obligation or the terms governing such obligation, nor has it alleged that it ever made any demand upon the Chinese companies for payment at any time.

Instead, through the artifice of a financial statement, unilaterally prepared by Coty for purposes of calculating the post-closing purchase price adjustments provided for under the Master Agreement, Coty has repeatedly attempted to collect the supposed debt of the Chinese companies not from the alleged obligor, but from L'Oréal. L'Oréal, however, was never a party to, nor did it ever agree to assume, the alleged debt obligation. L'Oréal simply acquired the Chinese companies as separate corporate entities with whatever obligations *they* might have, subject to payment *by them* under whatever terms, conditions or defenses *they* might have against any demands which might be made *of them* for payment.

The arbitrator flatly rejected Coty's effort to shift the supposed debt[2] of the Chinese companies to L'Oréal and to collect it from L'Oréal via the mechanism of the post-closing adjustment, as this Court held at page 11 of its Order of April 6, 2007:

> "The Arbitrator concluded that Petitioner [Coty] improperly eliminated the intercompany payable, thereby shifting the burden from the YSK Companies to Respondent. Petitioner has failed to carry its heavy burden to show that the Arbitrator's decision is contrary to law."

Significantly, Coty neither quotes nor discusses this holding, nor (while it asserts that the arbitrator had only a narrow authority to decide matters) does Coty discuss or attempt to refute the fact that the Master Agreement addressed the question of adjustment of intracorporate debts prior to the closing, expressly permitting Coty to effect payment of

---

[2]  Importantly, neither the arbitrator, nor this Court has ever accepted or held that such an obligation actually existed, simply accepting a pre-closing balance sheet characterization of the entry as a purported long-term intracompany payable solely for purposes of calculating closing price adjustments. *See* July 2007 Arbitral Award at p. 3 and this Court's April 2007 Order at pp. 8 *et seq.*

such obligations prior to closing, that the post closing purchase price mechanism was the *only* provision in the Master Agreement regarding post-closing payments by L'Oréal, that the arbitrator's power to determine all matters relating to such adjustments was absolute, and that the Master Agreement contained a merger clause stating it is the complete agreement between the parties with respect to its subject matter, excluding all others. *See* Master Agreement § 1.05(b), and Defendant's Moving Brief at p. 6, discussing Master Agreement §9.03.

The arbitrator, and this Court, have definitively spoken as regards the payment obligations between Coty and L'Oréal in respect of this matter, resolving all matters with respect to the only provisions which apply. Consequently, these decisions are *res judicata* of the issues alleged in the present Complaint. Whatever may be the obligations as between Coty *and its former subsidiaries*, as between Coty *and L'Oréal* there can be no further claim brought by Coty.

**1. *Coty can make no clam against L'Oréal for Unjust Enrichment.*** The subject matter of Coty's unjust enrichment claim is expressly governed by the provisions of the Master Agreement, and thus is precluded by that contract. This is not a case such as *Labajo v. Best Buy Stores L.P.*, 478 F. Supp. 2d 523 (S.D.N.Y. 2007), where there was no written contract in existence and a commercially unsophisticated individual was not informed of the terms and conditions of the acceptance of her offer; nor is it a case such as *IIG Capital LLC v. Archipelago, LLC,* 36 App. Div. 3d 401, 405 (1st Dept 207), where there was a dispute as to which accounts were covered by a factoring agreement. And this is not a case such as *EBC I, Inc. v. Goldman Sachs & Co.,* 7 App. Div. 3d 418 (1st Dept 2004), where the claim was based not on matters covered by a contract for monies

received by the defendant, but on fraudulent misrepresentations. Here, there is no dispute that the Master Agreement between Coty and L'Oréal was valid and enforceable, no dispute that it covered intracorporate obligations in allowing for pre-closing settlement thereof by Coty, no dispute that the only post-closing adjustment as between Coty and L'Oréal was in the purchase price adjustment definitively construed by the arbitrator. Coty's arguments notwithstanding, these can be seen by the very terms of the Master Agreement: it is clear that it governs the matters at issue, and it precludes a claim by Coty against L'Oréal.[3]

Finally, there is no dispute that if there is an intracorporate debt that was owed by the Chinese companies to Coty (which the Complaint itself alleges), the payment obligation in respect of such debt would result from a contractual obligation as between those companies and Coty, and this could be made the subject of a claim by Coty against those companies to enforce such contractual obligation. Thus, as all of Coty's claims (if valid) would be covered by contracts, they must be resolved in accordance with those contracts and there is no basis for creating a claim for unjust enrichment against L'Oréal in derogation of those contracts.

Fundamentally, Coty's assertion that L'Oréal is unjustly enriched attempts to slip around the essential point that what L'Oréal bargained for was the purchase of the Chinese companies, with their own separate assets and liabilities, such liabilities to be settled by those companies in accordance with their respective terms. L'Oréal did not agree to settle any obligations of those companies itself, rather it expressly agreed that Coty could only settle such obligations *with those companies*. Coty elected not to do so

---

[3] Indeed, as L'Oréal noted in its Moving Brief, if the matter is not governed by the Master Agreement, then as a matter of jurisdiction Coty has no business to haul L'Oréal before this Court. See Defendant's Moving Brief at p. 13, note 9.

prior to the closing. Should it wish to do so now, it must make a claim against those companies both because that is where any contract covering the debt obligation would reside, and because the Master Agreement with L'Oréal expressly excludes creation of any such claim as against L'Oréal.

   **2.** ***Coty can make no claim against L'Oréal for conversion.*** Coty's assertion that a claim lies in tort fails for much the same reason as its assertion of unjust enrichment. By the very terms of its allegations, the purported obligation is one *of the Chinese companies* which would be governed by a contractual relationship between those companies and Coty. As such, if payment is due and remains unpaid, those subsidiaries would be in breach of that contract, and the claim would be simply for breach and for an alleged debt or chose in action. This cannot form the basis of a claim in conversion. *See* Defendant's Moving Brief at p. 15, n. 11.

   Unlike *Meese v. Miller*, 79 App. Div. 2d 237 (4th Dept. 1981) or *Hoffman v. Unterberg*, 9 A.D. 2d 386 (2d Dept. 2004), this is not a claim for an identified sum of money such as a check to buy a computer or a real estate cash distribution in the possession of L'Oréal, it is merely an alleged debt and, moreover, an alleged debt specifically alleged by the Complaint to be owing by the Chinese companies and pertaining to accounting of, and money in, these companies.

   **3.** ***Coty can make no claim for breach of a covenant of fair dealing or good faith.*** Coty's final argument is that it somehow constitutes a breach of an implied covenant of fair dealing and good faith ancillary to the Master Agreement for L'Oréal to insist upon its contractual rights to limit payments by it to those mandated by the Master Agreement as a post closing purchase price adjustment, and to insist that if Coty has a

claim against the Chinese companies, Coty assert that claim against the Chinese companies. However, the enforcement of bargained for contractual rights is, by definition, not a breach of contract.

Finally, it adds nothing for Coty to note that L'Oréal's submission to the arbitrator quoted back to the arbitrator the arbitrator's own observation that, after all closing adjustments, it would be up to L'Oréal, as the new owner of the Chinese companies, to determine whether payment of a purported debt was appropriate, since this is precisely L'Oréal's position: *i.e.*, that as owner of those companies it has determined that if and when Coty should make a demand of those companies for payment of an asserted debt, those companies shall assert whatever defenses, if any, may be appropriate.

As *511 West 232nd Owners Corp, et al. v. Jennifer Realty Co., et al.*, 98 N.Y. 2d 144, 153 (2002) states, "the duties of good faith and fair dealing do not imply obligations 'inconsistent with other terms of the contractual relationship' [citation omitted]," and it would be flatly inconsistent with the exhaustive nature of the Master Agreement and the merger clause it contains to create a further obligation where none existed and thereby deprive L'Oréal of its rights as vindicated in an arbitration. Moreover, it bears noting that in the *EBC 1* case upon which Coty additionally relies, the Court held that the obligation of good faith and fair dealing was breached "by frustrating the overarching purpose" of the basic agreement. *EBC I, supra,* 7 App. Div. 2d at 420. Here, the basic purpose of the Master Agreement was the acquisition by L'Oréal of Chinese companies at a purchase price to be adjusted through the post-closing adjustment, which has been done, and the operation of those entities thereafter as separate entities in accordance with whatever rights and obligations they might have – not the transfer of debt obligations of

such entities to L'Oréal (through the purchase price adjustment) or the collection of the debts of the entities from L'Oréal, who did not assume them. It is thus Coty, not L'Oréal, who is seeking to frustrate the underlying purpose of the agreement by upending its terms and doing violence to the contractual obligations to which it agreed.[4]

There is, in sum, no basis – legal or otherwise – for any claim by Coty against L'Oréal whatsoever. Coty's three theories are without merit. Moreover, Coty's repeated efforts to subvert its contractual obligations, and distort and do violence to the arbitrator's ruling, as upheld by this Court, are plainly in bad faith, vexatious, wanton and oppressive, presenting an appropriate case for the imposition of sanctions and an award to L'Oréal of its fees and costs as submitted in Defendant's Moving Brief.

---

[4] To put it more plainly, L'Oréal would submit that what has been going on throughout all these litigations is a consistent attempt by Coty unjustly to enrich itself at L'Oréal's expense in breach of *Coty's* duty of fair dealing and good faith and *Coty's* other contractual obligations under the Master Agreement. L'Oréal bargained for the purchase of companies with proper tax reserves and accounts, which Coty warranted in the Master Agreement would be in accordance with US generally accepted accounting principles, but which Coty in actuality was attempting to convert and thereby unjustly enrich itself through mischaracterizing them in the balance sheets as intracorporate liabilities. Determined to press its recovery efforts through the purchase price adjustment methodology, Coty was brought up short by the fact that, as the purported debt had not been settled prior to closing, it had to remain in the balance sheets, resulting in no adjustment. (Had a nonexistent debt been paid by the Chinese companies to Coty, there would, of course, be claims to be made against Coty). Now, Coty goes against L'Oréal for the money based upon a purported obligation of the Chinese companies which it has neither proved nor established, nor sought to collect from them. Coty attempts this because, L'Oréal would submit, Coty cannot collect it from these companies because the claimed obligation is actually non-existent. Acting in derogation of its contractual obligations, and bringing frivolous claims, it is Coty who is breaching its covenant of good faith and fair dealing. Although Coty's contrived claims fail for the reasons set forth in the analysis above, this, L'Oréal submits, is the reality of the situation.

## CONCLUSION

WHEREFORE, Defendant L'Oréal S.A. respectfully requests that this Court dismiss the Complaint, with prejudice, additionally awarding L'Oréal its reasonable attorney's fees and costs, together with such other and further relief as it may deem appropriate.

Dated:  New York, New York
        November 2, 2007

                                          BAKER & McKENZIE LLP

                                  By:     _____
                                          Charles H. Critchlow (CC–4905)
                                          James Bailey (JB-0677)
                                          1114 Avenue of the Americas
                                          New York, New York 10036
                                          (212) 626-4100
                                          *Attorneys for Defendant L'Oréal S.A.*